Thomas Rhodes and George E. Rhodes, Executors, Appellants, v. Samuel Rhodes and Retta Rhodes, Appellees.

WILLS—*construction of.* Where testator provided in his will that in the distribution of his estate no note or other evidence of indebtedness should be charged against any of his children unless so stated thereon, and ratified the will in a codicil four years later, no recovery can be had in a suit by his estate on a note without such notation executed by one of his children two years after the making of the will, the estate being solvent.

Appeal from the Circuit Court of Piatt county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

W. G. CLOYD and HERRICK & HERRICK, for appellants.

GEORGE M. THOMPSON, C. S. REED and HICKS & DOSS, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of *assumpsit* brought by appellants, as executors of the last will and testament of one Thomas Rhodes, Sr., deceased, against the appellees, in the Circuit Court of Piatt County.

The declaration contained one count, and declared upon a certain note, dated July 1, 1907, for the sum of five hundred dollars, given by the appellees to the deceased in his lifetime.

To the declaration appellees filed four special pleas,

to all of which appellants demurred. The court over-ruled the demurrer, and appellants having elected to stand by their demurrer, the court entered judgment against them for the costs, to be paid in due course of administration. The record is brought here for review by the appeal of the appellants.

These four pleas raise but one question, and for the purpose of considering this question, it is necessary only to copy the special plea number one, of the appellee Samuel Rhodes, which is as follows:

"Special plea in bar of action by defendants alleging that Thomas Rhodes, Sen., died testate on the 7th day of May, 1910; that on June 6th, 1910, his last will and testament was duly proven and admitted to probate in and by the County Court of Piatt county, Illinois; and that by the 6th clause of said will thereof provided as follows: 'Sixth: It is my will that in the distribution and division of my estate by my executors, that no note, check, book-account or other evidence of indebtedness against any of my said children shall be charged against him or her, except such evidence of indebtedness in writing shall state on or in the body of such writing, that it is to be so charged against said child on such distribution and if such instrument or writing shall so state, then the amount stated in such instrument shall be charged against the distributive share of such child or children in the final settlement of my estate.' And that the defendant, Samuel Rhodes, is one of the children referred to in the said sixth clause of the aforesaid last will and testament of the said Thomas Rhodes, Sen., deceased. Whereby the said Thomas Rhodes, Sen., deceased, released the defendants from their liability on said premises. And the defendants further say that the said note mentioned in said declaration does not state on or in the body thereof that it is to be charged against said Samuel Rhodes on distribution of the estate of the said Thomas Rhodes, Sen., deceased. And this defendants are ready to verify, etc."

We make reference to the special plea of the other appellee, Retta Rhodes, which alleges that she was a

mere surety; that she had no interest or benefit in the money received from the said note; and to the other pleas, in the fourth of which it is alleged that the deceased, in November, 1909, made a codicil to his said will, which was made November 2, 1905, in which codicil the testator, among other things, ratified and confirmed the said will, including said sixth clause.

The question involved in the decision of this case is one as to the construction to be given to the said sixth clause of the will of the deceased, as set forth in the above plea.

The question raised here is by the demurrer of the appellants to the pleas of the appellees, and the rule is well settled that the demurrer admits everything in the pleas which is well pleaded. It is, therefore, to be assumed by the court that there is nothing in the will in conflict with said sixth clause, as set forth in the plea.

It is contended by the appellants that the note in question, bearing date July 1, 1907, could not have been in contemplation by the testator at the time of making the will on the second day of November, 1905, so as to prevent a collection thereof by the executors; that it was the duty of the executors to collect and distribute the same. The further contention is that the testator did not, in words, release or forgive the debt.

We cannot agree with appellants' interpretation of said sixth clause of said will. The language of the clause as set up in the plea is as plain as the English language can state it. Its meaning is not open to two opinions. In the division of the testator's estate the executors are told by this will that they shall not charge any of the children of the testator with any note, check or book account or other evidence of indebtedness, except where it should appear in the writing on or in the body of such written instrument "that it is to be so charged against such child." If such instrument or writing should so state, then, in that event, the amount stated in such instrument

should be charged against the distributive share of such child or children.

As to the contention that the date of the note in question was subsequent to the date of the will, and, therefore the testator could not have had this indebtedness in mind at the time of making the will, we think it reasonable that the testator had in mind, at the time of the making of the will, the idea of rendering assistance to certain of his children, and of determining afterwards what amounts he desired to be charged as advancements to them to be deducted from their distributive shares of his estate on final settlement. But, whether this be the correct theory under which the will was drawn or not, we are not left to determine from a process of reasoning, for the allegations of the fourth plea herein filed state that in November, 1909, the deceased made a codicil to the will in question and in and by which he ratified the said will, including the sixth clause thereof. This codicil was dated almost two years after the date of the note in question.

If it was at all important that the testator should have had this indebtedness in mind at the date of the making of the will, the codicil is sufficient upon that subject.

As to the contention that there was no showing of solvency of the estate, we do not deem it necessary to discuss same, as we find in the record in this case a stipulation entered into between appellants and appellees that the estate is solvent.

Entertaining, as we do, the views as above set forth as to the construction of the said sixth clause of the said will and the codicil thereto, we do not find any error in the action of the court below in overruling the demurrers to the special pleas and rendering judgment against the appellants for costs to be paid in due course, etc., and the judgment is therefore affirmed.

                                                  *Affirmed.*